UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
EDWIN W. BLEECKER, individually and      :
D/B/A BLEECKER ASSOCIATES,               :
                                         :
                    Plaintiff,           :   12 Civ. 2151 (DLC)
                                         :
          -v-                            :   OPINION AND ORDER
                                         :   ADOPTING REPORT AND
ZETIAN SYSTEMS, INC. and ZETIAN          :   RECOMMENDATION
SYSTEMS NEW YORK INCORPORATED,           :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X

DENISE COTE, District Judge:

On June 20, 2013, the Court entered default against defendant, Zetian Systems, Inc. ("Zetian"), and referred the matter to Magistrate Judge Sarah Netburn for an inquest and Report and Recommendation as to damages ("Report"). On July 25, the plaintiff, Edwin W. Bleecker ("Bleecker"), submitted Proposed Findings of Fact and Conclusions of Law to Judge Netburn.[1] Zetian offered no response, despite being provided an opportunity to do so. On October 3, Judge Netburn issued her Report. The deadline for submitting objections to her Report was October 21, and neither party submitted objections. For the following reasons, the Report's recommendations are adopted and

---

[1] The July 25th submission was an amended version of the Proposed Findings of Fact and Conclusions of Law that Bleecker submitted on July 24. Judge Netburn accepted the amended version, as does this Court.

a default judgment is entered against Zetian in the amount of (1) $444,070.15 in compensatory damages, (2) $63.87 per diem in prejudgment interest, running from September 11, 2012 to the date of the entry of the judgment, and (3) any post-judgment interest appropriate under 28 U.S.C. § 1961.

DISCUSSION

When deciding whether to adopt a report, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  King v. Greiner, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)(citation omitted).

Bleecker filed his complaint ("Complaint") on March 23, 2012.  The Complaint is principally based on a breach of contract claim, specifically for an unpaid commission of $444,070.15.  The Complaint seeks that amount in compensatory damages, as well as prejudgment interest, late fees, attorneys' fees, court costs, and collection costs.  The Proposed Findings of Fact and Conclusions of Law, however, seeks only the $444,070.15, plus prejudgment and post-judgment interest under

Nevada law.  The remaining procedural background is properly summarized in the Report.[2]

The Report makes the following recommendations as to damages.  First, the Report recommends that this Court enter a default judgment against defendant Zetian, even though no judgment has been entered against co-defendant, Zetian Systems New York Incorporated ("Zetian-NY").  Under Fed. R. Civ. P. 54(b), the decision of whether to enter judgment against one defendant before final judgment has been entered to all defendants is left to the discretion of the district court, so long as "the court expressly determines that there is no just reason for delay."  Here, for the many reasons set forth in the Report, the absence of a judgment against Zetian-NY poses little

---

[2] The Complaint names two defendants, Zetian and Zetian Systems New York Incorporated ("Zetian-NY"), the latter of which is alleged to be an alter ego of Zetian.  Defendant Zetian filed an answer and counter-claim by October 2012 and was involved in settlement discussions with Bleecker through March 2013.  On May 30, 2013, counsel for Zetian moved to withdraw, stating that Zetian had failed to pay for legal services incurred thus far and further that Zetian was not cooperating or communicating with counsel.  On June 7, Zetian was ordered to acquire new representation within 10 days, or else default judgment would be entered against it; its counsel would be permitted to withdraw after properly serving the order on Zetian.  On June 17, Zetian did not acquire new representation despite having been served, and thus a default was entered against it and the matter was referred to Judge Netburn for an inquest.  Also on June 17, counsel for Zetian was permitted to withdraw.  As of this date, Zetian-NY has never made an appearance in this case.

risk of harm to a judgment against Zetian.  Thus, there is no just reason for delay, and default judgment shall be entered against Zetian.

Second, the Report correctly recommends awarding compensatory damages of $444,070.15.  The parties included a Nevada choice-of-law provision in their contract, and under Nevada law, the standard for compensatory damages in a contracts case is expectation damages.  Road & Highway Builders v. N. Nev. Rebar, 284 P.3d 377, 382 (Nev. 2012).  Bleecker has submitted sufficient documentary evidence to establish "an evidentiary basis" for his expectation damages, i.e., that the unpaid promised commission on his contract with Zetian was $444,070.15. Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012). Zetian presented no objection to this figure -- either to Judge Netburn at the inquest phase or to this Court in the form of an objection to the Report.  Accordingly, judgment is entered against Zetian in the amount of $444,070.15.

Third, the Report correctly recommends awarding prejudgment interest in the amount of $63.87 per diem, running from September 11, 2012 to the date of the entry of the judgment. Under Nevada law, which is the proper source of law for determining prejudgment interest in a diversity case, Adrian v.

4

<u>Town of Yorktown</u>, 620 F.3d 104, 107 (2d Cir. 2010), this figure is calculated by applying the formula set forth in Nev. Rev. Stat. §§ 99.040(1) to the judgment figure cited above.  Judge Netburn was also prudent to recommend that, although prejudgment interest begins to accrue under §§ 99.040(1) on the date when the contractual payment "becomes due," prejudgment interest should begin to accrue in this case on the date of the service of the summons and complaint, for reasons explained in the Report.  Because the summons appears to have been served on September 11, 2012, there was no clear error in Judge Netburn's recommendation that prejudgment interest accrue between that date and the entry of judgment.

Fourth, the Report correctly recommends awarding post-judgment interest under 28 U.S.C. § 1961.  Although the Complaint did not seek relief in the form of post-judgment interest, such relief is mandatory under federal law. <u>Westinghouse Credit Corp. v. D'Urso</u>, 371 F.3d 96, 100 (2d Cir. 2004).  Furthermore, although Bleecker's Proposed Findings of Fact and Conclusions of Law cited Nevada law as the basis for post-judgment interest, it is governed by federal law under 28 U.S.C. § 1961, even in diversity actions.  <u>Cappiello v. ICD Publ'ns, Inc.</u>, 720 F.3d 109, 112-13 (2d Cir. 2013).  Accordingly, Bleecker is entitled to any post-judgment interest appropriate under 28 U.S.C. § 1961.

CONCLUSION

Finding no clear error in Magistrate Judge Netburn's Report, the Report is adopted.  It is hereby

ORDERED that, because "there is no just reason for delay" under Fed. R. Civ. P. 54(b), the Clerk of Court shall enter a partial judgment against Zetian Systems, Inc. for $444,070.15, plus prejudgment and post-judgment interest as explained above.

By failing to file timely objections to the Report, Zetian Systems, Inc. waived its appellate rights.  <u>Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.</u>, 596 F.3d 84, 92 (2d Cir. 2010).  Accordingly, there shall be no appeal from this judgment.


    SO ORDERED:

Dated:    New York, New York
          November 1, 2013

                              _____
                                        DENISE COTE
                                United States District Judge